## WINSLOW v. MILLER.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

TRUSTS—POWERS OF TRUSTEE—SALE OF TRUST PROPERTY.

Testatrix devised land to trustees, to manage as her husband, who was one of them, should direct, but for the best interests of the estate. The trustees were given power to sell, and invest proceeds in bond and mortgage or other security. The income was to be paid to the husband during his life, and at his death plaintiff was to receive the principal. Three days before his death, the husband, as sole trustee, conveyed the land to defendant; taking a mortgage thereon for the entire purchase price, without other security. At the time of the transaction, the husband was ill, though rational, and knew that his death was near. Held, that the deed and mortgage were void, as they did not represent the fair judgment of the husband, and the sale was not for the best interest of the estate.

Appeal from special term, Kings county.

Action by Lydia P. Winslow against George A. Miller to have declared void and set aside a deed of real estate, executed by Robert Miller, as sole executor and trustee under the will of Emily M. Miller, deceased, to defendant. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. T. Marean, for appellant.
Horace Graves, for respondent.

BROWN, P. J. This action was brought to have declared void and set aside a deed of real estate executed by Robert Miller, as sole executor and trustee under the last will, etc., of Emily M. Miller, deceased, to his son, George A. Miller, and also to have set aside

and declared void a mortgage upon said real estate executed by said George to said Robert, as trustee, as aforesaid, to secure the consideration or purchase money of said property. Emily M. Miller was the wife of said Robert Miller, and the mother of the plaintiff and said George. She died in September, 1887, seised of the property in question, and leaving a will, whereby she devised substantially all her estate to her executors in trust, to manage the same as her said husband should direct, but for the best interests of her estate. The income therefrom was to be paid to her husband during his life, and upon his death the principal was devised and bequeathed to the plaintiff. By the express terms of the trust, the executors were authorized to sell any or all of the real estate, and invest the proceeds of the sale in bond and mortgage or in other good securities. Robert Miller died on April 23, 1895. Three days prior to his death, to wit, on April 20th, he executed the deed in question, and received from his son a mortgage upon the real estate for $8,000, payable May 1, 1900, with interest half yearly. The consideration expressed in the deed was $12,000. The property was, however, incumbered by a mortgage of $4,000, and the mortgage executed by George Miller to his father was given to secure all the purchase money which his father would have been entitled to receive upon the sale. The mortgage was acknowledged on April 22, 1895, but the deed was not acknowledged by the grantor, but its execution was proven by the subscribing witness on April 24th, the day following the grantor's death. Robert Miller was, at the date of the deed, upward of 73 years of age, and had been sick for some time, and was unable to conduct and manage the business which he had theretofore carried on upon the property. The subscribing witness to the deed testified that, at the time of its execution, Mr. Miller was very sick, and was strongly impressed that his illness was going to be fatal; that he had been sick with heart disease for several years; and that his ailment had gradually become more serious, and he had finally taken to his bed. His physician testified that he had attended him every day from April 10th until the day of his death; that he had heart disease, and one lung was also diseased. The physician was present when the deed was executed, and he testified that, in his opinion, Mr. Miller was at that time rational. Other testimony was given as to Mr. Miller's sickness, and his mental and physical condition prior to and at the time the deed was executed; and the court found as facts that he was very sick when he executed the deed, but that he was conscious, and had full knowledge of the nature and contents of the instrument, and that no advantage was taken of his feeble condition to induce him to execute the conveyance.

We are of the opinion that the deed and mortgage should be set aside. They do not represent the fair judgment of the trustee, and the transaction is not entitled to be treated as such a sale of the property as was intended and contemplated by Mrs. Miller, the testatrix. She created the trust for the benefit of her husband and the plaintiff, and the provision that the power of sale was to be executed for the best interests of her estate referred to those two

beneficiaries. The sale made was not for the benefit of Mr. Miller, as there is no reasonable doubt but that, when he executed the deed, he was aware that he would live but a very short time. It was not for the benefit of the plaintiff, as it imposes upon her the risk of impairment of the security, arising from depreciation in the value of the land, and deprives her of any benefit that might arise from an enhancement of value. There is great doubt, we think, upon the evidence whether there was a delivery of the deed prior to Mr. Miller's death; but, assuming that the deed was delivered, we think that a transfer of the property made under such circumstances as were shown by the testimony should be set aside.

The judgment must be reversed, and a new trial granted, with costs to abide the event. All concur.